UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LAMAR EUGENE CLARK,

    Petitioner,    Case No. 1:13-cv-306

v.            Honorable Gordon J. Quist

KENNETH McKEE,

    Respondent.
_____/

## OPINION

    This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

  I.  Factual allegations

    Petitioner Lamar Eugene Clark presently is incarcerated at the Bellamy Creek Correctional Facility. Following a jury trial in the Wayne County Circuit Court, Petitioner was

convicted of first-degree felony murder, MICH. COMP. LAWS § 750.316(b), two counts of second-degree murder, MICH. COMP. LAWS § 750.317, armed robbery, MICH. COMP. LAWS § 750.529, being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony (second conviction), MICH. COMP. LAWS § 750.227b. Petitioner was sentenced to life imprisonment for the first-degree murder conviction, 31 to 50 years for each of the second-degree murder convictions and the armed-robbery conviction, 4 to 7 years for the felon-in-possession conviction, and 5 years for the felony-firearm conviction.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising three issues:

> I. DEFENSE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN FAILING TO INVESTIGATE, NOTICE AND PRESENT APPELLANT'S ALIBI WITNESS AT TRIAL[.]
>
> II. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO PROPERLY LAY A FOUNDATION FOR IMPEACHMENT TESTIMONY BY DEFENSE WITNESS RONALD GRAHAM THAT PROSECUTION WITNESS ARNOLD JOHNSON HAD STATED THAT APPELLANT HAD NOTHING TO DO WITH THE CRIME[.]
>
> III. APPELLANT'S THREE CONVICTIONS AND SENTENCES FOR MURDER ARISING FROM A SINGLE DEATH VIOLATE THE FEDERAL AND STATE PROTECTIONS AGAINST DOUBLE JEOPARDY[.]

(Ex. N to Pet., docket #3-2, Page ID#97.) In an unpublished decision issued August 18, 2011, the court of appeals rejected Petitioner's first two claims on appeal, but found merit in the third claim. The court therefore vacated the two convictions for second-degree murder.

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, raising the first two grounds presented in his appeal to the court of appeals. Petitioner also argued two new issues:

III. LEAVE TO APPEAL SHOULD BE GRANTED TO DETERMINE WHETHER IT IS RECKLESS AND WANTON OR EVEN CRIMINAL MISCONDUCT FOR THE STATE TO GRANT A PLEA DEAL TO AN ADMITTED FIRST-DEGREE MURDERER IN EXCHANGE FOR TESTIMONY IMPLICATING AN ALLEGED ACCOMPLICE WHERE ABSOLUTELY NO PHYSICAL EVIDENCE CORROBORATES THE ALLEGED ACCOMPLICE'S PRESENCE OR PARTICIPATION, AND WHERE THE ENTIRE CASE RESTS ON THE TESTIMONY OF THE MURDERER, THE MURDERER'S GIRLFRIEND, AND THE MURDERER'S CO-DEFENDANT IN A SEP[A]RATE CASE, WHO WERE PAID WITH A SENTENCE OF 3-10 YEARS IN THE SEP[A]RATE CASE, AND PAID WITH IMMUNITY FROM PROSECUTION AFTER ADMITTEDLY LURING [THE] MURDER VICTIM TO HIS DEATH. UNDER CIRCUMSTANCES WHERE THE ALLEGED ACCOMPLICE WHO DID NOT KILL IS SENT[EN]CED TO LIFE IN PRISON WITH NO PAROLE BASED ON PROVABLE PERJURED TESTIMONY.

IV. LEAVE TO APPEAL SHOULD BE GRANTED TO DETERMINE WHETHER APPELLATE COUNSEL WHO WAS THE BENEFICIARY OF TRIAL COUNSEL'S REFERRAL RETAINER LABORED UNDER A CONFLICT OF INTEREST WHERE APPELLATE COUNSEL WAS REQUIRED TO CRITIQUE TRIAL COUNSEL'S PERFORMANCE, AND TO DETERMINE TO WHAT DEGREE APPELLATE COUNSEL DEPRIVED MR. CLARK EFFECTIVE COUNSEL.

(Supp. to Pet., docket #2, Page ID#19.) The Michigan Supreme Court denied leave to appeal on April 23, 2012.

In the instant habeas petition, filed on March 8, 2013[1], Petitioner raises the first two grounds presented on direct review to the Michigan Court of Appeals and the Michigan Supreme Court, together with the first of the new grounds presented for the first time to the Michigan Supreme Court. In addition, Petitioner seeks a stay of these proceedings so that he can exhaust the

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on March 8, 2013, and it was received by the Court on March 21, 2013. Thus, it must have been handed to prison officials for mailing at some time between March 8 and March 21, 2013. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

following six claims by way of a motion for relief from judgment in the Wayne County Circuit Court:

    I.    PETITIONER WAS DEPRIVED OF HIS FEDERAL AND STATE CIVIL LIBERTIES WHEN THE PROSECUTION "*KNOWINGLY*" WITHHELD EXCULPATORY EVIDENCE REGARDING THE UNRELIABILITY OF ITS WITNESS(ES) POLICE STATEMENTS FROM THE ISSUING MAGISTRATE, REQUIRING THE SUPPRESSION OF THOSE STATEMENTS UPON REVERSAL OF THE PROBABLE CAUSE DETERMINATION.

    II.    PETITIONER WAS DULY DEPRIVED OF HIS FIFTH AND SIXTH AMENDMENT CIVIL LIBERTIES, WHERE THE PRO[SE]CUTION'S CLAIMS AGAINST HIM WERE BASED EXCLUSIVELY UPON "*CONJECTURE CAMOFLAUGED*" [sic] AS EVIDENCE, TO WHICH IT ACQUIRED AS ILL-GOTTEN GAINS RESULTING FROM INSIDIOUS PLEA AGREEMENTS AND OFFERS OF IMMUNITY TO WOULD BE CO-DEFENDANTS, WHOM HELD MOTIVE, AS WELL AS A LIBERTY INTEREST FOR OFFERING PERJURED AND ERRONEOUS TESTIMONY, WHICH REQUIRES REVERSAL OF THE SUBSEQUENT CONVICTION AND SENTENCE OF PETITIONER.

    III.    PETITIONER WAS DEPRIVED OF HIS FEDERAL AND STATE CIVIL LIBERTIES WHERE HE WAS DEPRIVED OF A "*FAIR AND IMPARTIAL*" TRIAL BEFORE A JURY OF HIS PEERS, WHERE THE VAST MAJORITY OF THE PROSPECTIVE JURORS AVERRED DURING *VOIR[] DIRE*, TO BEING VICTIMS OF SIMILAR ACTS TO WHICH PETITIONER WAS STANDING TRIAL FOR, REQUIRING PETITIONER TO BE GRANTED A NEW TRIAL BEFORE AN IMPARTIAL JURY OF HIS PEERS.

    IV.    THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION, WHERE THE STATE'S FELONY COMPLAINT, INFORMATION, AND SUBSEQUENT ARREST WARRANT CONTAINED MATERIALLY FALSE ALLEGATIONS, RESULTING IN A STATE OFFICIAL COMMITTING PERJURY BEFORE THE ISSUING MAGISTRATE DURING A SWEAR-TO-HEARING REGARDING THE VERACITY OF THE INFORMATION OBTAINED BY THE STATE, REQUIRING SETTING ASIDE THE KNOWINGLY PERJURED TESTIMONIAL STATEMENTS AND GRANTING PETITIONER A FAIR AND IMPARTIAL PROBABLE CAUSE DETERMINATION.

    V.    PETITIONER WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL, WHERE COUNSEL FAILED TO INVESTIGATE AND PRODUCE ALIBI WITNESS, AND FAILED TO LAY A FOUNDATION FOR IMPEACHMENT THEREBY DEPRIVING PETITIONER OF HIS RIGHT TO CONFRONT ADVERSE WITNESSES AND TO PRODUCE WITNESSES IN HIS FAVOR RESULTING IN PREJUDICE BUT FOR WHICH PETITIONER WOULD LIKELY HAVE BEEN ACQUITTED.

> VI. PETITIONER WAS DEPRIVED OF DUE PROCESS OF LAW AND EQUAL PROTECTION WHERE THE STATE COMMITTED RECKLESS, WANTON AND EVEN CRIMINAL SUBORNATION OF PERJURY BY OFFERING A PLEA DEAL TO A KILLER FOR THE CONVICTION AND LIFE SENTENCE TO THE ALLEGED AIDER AND ABETTOR WHICH USURPS THE LEGISLATURE'S AUTHORITY BY GRANTING LENIENCY TO THE KILLER WHICH IS PROHIBITED BY MANDATORY SENTENCING GUIDELINES, AND BY FAILING TO PROSECUTE KRYSTAL AND DANTE WHITE WHO ADMITTED TO SURVEILLING THE VICTIM AND LURING THE VICTIM TO THE SITE WHERE HE WAS KILLED, AND TO LYING IN WAIT, YET DENYING THAT THE WHITES HAD RECEIVED ANY CONSIDERATION FOR THEIR TESTIMONY, CONSTITUTING FRAUD ON THE COURT.

(Mot. to Stay Pet., docket #4, Page ID#156-57.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner's allegations demonstrate that he has exhausted his first two habeas grounds by presenting the claims to both the Michigan Court of Appeals and the Michigan Supreme Court on direct review. The third ground of his habeas petition, however, was raised for the first time only in the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See, e.g. Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007). In that situation, unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed. As a consequence, Petitioner's third habeas ground is unexhausted. In addition, Petitioner has filed a motion to stay the petition and hold it in abeyance pending the exhaustion of six additional grounds for relief, which he acknowledges have never been presented to any Michigan court.[2]

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in his

---

[2] Petitioner's proposed sixth new claim, while similar, is not identical to the one presented for the first time in his application for leave to appeal to the Michigan Supreme Court. In any event, as previously discussed, the claim presented for the first time to the Michigan Supreme Court is unexhausted.

habeas application and in his motion to stay. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Wayne County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his convictions to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 23, 2012. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, July 23, 2012. Accordingly, absent tolling, Petitioner would have one year, until July 23, 2013**,** in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[3] Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only the exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will deny Petitioner's motion to stay and hold the petition in abeyance (docket #4). The Court also will dismiss the petition for failure to exhaust available state-court remedies.

---

[3] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted a certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

    A Judgment consistent with this Opinion will be entered.


Dated: April 19, 2013              /s/ Gordon J. Quist
                       GORDON J. QUIST
                   UNITED STATES DISTRICT JUDGE